UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT BERRY, et al., | ) | CASE NO. 1:09CV699 |
| | ) | |
| Plaintiffs, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| RENAN SUGARMAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J**.:

This matter comes before the Court upon the Motion (ECF DKT #19) of Defendants, Renan Sugarman, Wachovia Securities, LLC and James Lupica, for Summary Judgment. For the following reasons, the Motion is granted in part as to Count I of Plaintiffs' Complaint; and the remaining claims are remanded to Cuyahoga County Common Pleas Court.

**I. FACTUAL BACKGROUND**

On June 1, 2001, Plaintiffs, Robert Berry and Diane Spencer, resigned from Merrill, Lynch, Pierce, Fenner & Smith, Inc. and accepted employment as brokers with First Union Securities, Inc. (now known as Wachovia Securities, LLC). While employed with Wachovia, each Plaintiff received two loans and both Plaintiffs signed two promissory notes reflecting these loans. (ECF DKT #19-2 and ECF DKT #19-3). According to the terms of the notes, beginning May 30, 2002, Wachovia would forgive an amortized amount of principal and interest on the 31st day of each calendar month through April 30, 2007. The monthly forgiveness would continue as long as Plaintiffs remained in full-time employment with Wachovia. If, prior to the repayment of the principal and accrued interest, Plaintiffs'

employment is terminated for cause or Plaintiffs voluntarily resign, the full amount of any unpaid and unforgiven balance would become due and payable immediately.  Above their signatures, each note recites that Plaintiffs acknowledge the loan is non-transferable and is made "*for business purposes of the undersigned*."

Plaintiffs subsequently resigned from Wachovia on January 11, 2007, and both had outstanding balances on their notes.  When Plaintiffs failed to pay, after demand was made, Wachovia brought separate arbitration actions against them before the Financial Industry Regulatory Authority ("FINRA") Office of Dispute Resolution.  Defendant Sugarman served as Wachovia's legal counsel at these proceedings and Defendant Lupica, Plaintiffs' former supervisor who is no longer employed by Wachovia, testified as a witness.  The arbitration panel awarded Wachovia $19,500.00 on Spencer's two notes and $5,600.00 on Berry's two notes and denied Plaintiffs' counterclaims.  Both Plaintiffs filed separate Motions to Vacate and/or Modify the Arbitration Awards in Cuyahoga County Common Pleas Court.  The award against Berry was confirmed; and Berry satisfied the monetary judgment but appealed the decision on his counterclaim.  The case instituted by Spencer remains pending.

Plaintiffs filed this action in state court against Wachovia, Sugarman and Lupica, alleging violations of the Fair Debt Collection Practices Act ("FDCPA") (Count I); violations of the Ohio Consumer Sales Practices Act ("OCSPA"), R.C. §§ 1345.01, *et seq*. (Count II); negligent and intentional infliction of emotional distress (Count III); breach of contract and breach of implied covenant of good faith (Count IV); breach of fiduciary duty (Count V); and spoliation of evidence (Count VI).

The captioned case was removed on March 27, 2009 from Cuyahoga County Common

Pleas Court, on the basis of federal question jurisdiction. Plaintiffs allege Defendants' conduct during the two FINRA arbitration proceedings constitutes improper means and methods in collecting on consumer debts in contravention of the FDCPA. For example, Defendants allegedly made false and misleading representations in the Statements of Claim submitted to the FINRA; Defendants allegedly claimed an interest rate higher than expressly specified in the four promissory notes; Defendants allegedly spoliated evidence submitted to the panel by redacting material words "through pen or complete eradication;" and Defendants allegedly represented "sample" illustrative documents as binding contract terms agreed upon by the parties. Further, Plaintiffs, who are husband and wife, contend there were no restrictions placed on the use of the money loaned; the funds were placed into a joint checking account; and the money was used for personal, family, and household purposes, primarily for construction work on their home.

Defendants moved, on June 11, 2009, for summary judgment in their favor on all claims in the Complaint. Plaintiffs filed their response on August 10, 2009. Defendants' reply brief was submitted on August 24, 2009.

## II. LAW AND ANALYSIS

### Standard of Review

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *accord Int'l Union v. Cummins, Inc.*, 434 F.3d 478, 483 (6th Cir. 2006); *Turner v. City of Taylor*, 412 F.3d 629, 637 (6th Cir. 2005). The initial burden to demonstrate the absence of a genuine issue of

material fact rests with the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "When a motion for summary judgment is properly made and supported" the initial burden shifts to the opposing party, who "may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). The "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original); *accord Leadbetter v. Gilley*, 385 F.3d 683, 689-90 (6th Cir. 2004); *Weaver v. Shadoan*, 340 F.3d 398, 405 (6th Cir. 2003). A fact is material only if its resolution "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248.

When deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Ciminillo v. Streicher*, 434 F.3d 461, 464 (6th Cir. 2006); *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005). "Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true." *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004). However, summary judgment should be granted if the party bearing the burden of proof at trial does not establish an essential element of its case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. 317). Furthermore, the court is not required "to search the entire record to establish that it is bereft of a genuine issue of material fact." *Betkerur v.*

*Aultman Hosp. Ass'n.*, 78 F.3d 1079, 1087 (6th Cir. 1996). Rather, the burden falls on the non-moving party to designate specific facts or evidence in dispute. *Anderson*, 477 U.S. at 249-250.

**Fair Debt Collection Practices Act ("FDCPA")**

In Count I of their Complaint, Plaintiffs allege all Defendants violated the FDCPA, 15 U.S.C. § 1692(e), by using false, deceptive, or misleading representations or means in connection with the collection of "consumer debts" during the two FINRA arbitration proceedings. Plaintiffs allege Defendant Sugarman, Wachovia's attorney, is a "debt collector," as defined under the Act. Plaintiffs allege Defendant Lupica, as a witness testifying at the proceedings, ratified Sugarman's and Wachovia's actions and methods; and, furthermore, Defendant Wachovia instituted the FINRA proceedings and allegedly condoned all the actions which violated the FDCPA.

In enacting the FDCPA, Congress intended to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

"Debt collector" is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The term does ***not*** include: "any officer or employee of a creditor while, in the name of the creditor, collecting

-5-

debts for such creditor." *Id.*

A "debt" is "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5).

Lastly, a "creditor" is "any person who offers or extends credit creating a debt or to whom a debt is owed ..." 15 U.S.C. § 1692a(4). "The legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors ..." *Montgomery v. Huntington Bank*, 346 F.3d 693, 699 (6th Cir. 2003) (quoting *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985) (internal quotation marks and citation omitted.)); see *MacDermid v. Discover Fin. Servs.*, 488 F.3d 721, 735 (6th Cir. 2007) (finding it "well-settled" that creditors are not "debt collectors" for purposes of the FDCPA); see *Lewis v. ACB Business Servs. Inc.*, 135 F.3d 389, 411 (6th Cir. 1998) (holding that creditors will not be deemed "debt collectors" unless the creditors or their employees collect the debts of third parties or attempt to collect their own debts under assumed names); see also *Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 106 (6th Cir. 1996) (quoting *Perry* with approval).

In the instant situation, First Union, now known as Wachovia, extended loans to two of its employees, Robert Berry and Diane Spencer. There is no evidence that Wachovia's principal business is the collection of debts, nor that Wachovia regularly collects or attempts to collect debts owed to another, nor that Wachovia attempts to collect its own debts under an assumed name. Plaintiffs admit Defendant Sugarman acted as attorney for Wachovia at the

FINRA arbitration proceedings.  (Complaint at ¶ 3).  Plaintiffs provide no evidence that Defendant Sugarman served other than as an employee or agent of Defendant Wachovia.  Defendant Lupica was a former supervisor at Wachovia and testified at the arbitrations.  (Defendants' Brief, ECF DKT #19 at 8).  Plaintiffs offer no contravening evidence as to Defendant Lupica's role.

In order to assert a claim under the FDCPA, Plaintiffs must demonstrate that the Defendant individual or entity is a "debt collector" under the definition in 15 U.S.C. § 1692a(6).  The promissory notes, evidencing the loans to Plaintiffs, created an obligation owed to their creditor, Wachovia.  (ECF DKT #19-2 and ECF DKT #19-3).  Defendants Sugarman and Lupica were retained counsel for, and a former employee of Wachovia, respectively.  "Plaintiffs' contention that the Defendants are 'debt collectors' boils down to nothing more than conclusory allegations.  *See Wilson v. Hofbauer*, 113 F.App'x 651, 653 (6th Cir. 2004) ('wholly conclusory allegations are insufficient to state a cognizable claim for relief') *(citing Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986))."  *Holt v. Macy's Retail Holdings, Inc.*, No. 1:08CV01285, 2010 WL 280347, at *5 (W.D.Tenn. Jan.21, 2010).  Plaintiffs fail to sustain their burden of showing Defendants are debt collectors as defined by the FDCPA, their conclusory allegations notwithstanding.

Plaintiffs take the position that Defendants violated the provisions of the FDCPA through the improper means and methods used to collect "consumer debts."  Plaintiffs insist they used the loan proceeds for their personal, family, and household purposes, i.e., for construction work on their home.  (Plaintiffs' Affidavits, ECF DKT #23-1 and ECF DKT #23-2).  Moreover, they strongly assert that:"nowhere contained in the terms of the

promissory notes does it state that the loan is being made for business or commercial purposes."  (Plaintiffs' Brief, ECF DKT #23 at 12).  Yet, as the Court previously pointed out, the acknowledgments immediately preceding Plaintiffs' signatures on both promissory notes (ECF DKT #19-2 and ECF DKT #19-3), recite: "The undersigned also acknowledges that this loan is non-transferable and was made by First Union at its Charlotte, North Carolina office, for ***business purposes of the undersigned*** ..."

"[C]ourts have found that attempts to collect business debt are not covered by the Act, even where the collection efforts were directed at an individual."  *Schram v. Federated Financial Corporation of America*, No. 06-12700, 2007 WL 1238863 at *1 (E.D.Mich. April 27, 2007).

Plaintiffs, Berry and Spencer, have not sustained their burden of establishing their loans owed to Wachovia are consumer debts, nor have they demonstrated that Defendants, Wachovia, Sugarman and Lupica are "debt collectors" under the Fair Debt Collection Practices Act.

### III. CONCLUSION

The Motion (ECF DKT #19) of Defendants, Renan Sugarman, Wachovia Securities, LLC and James Lupica, for Summary Judgment is granted in part as to Count I of Plaintiffs' Complaint.  With the resolution of the only federal question alleged in Plaintiffs' Complaint, the remaining claims are founded in state law only.  When a District Court has dismissed all claims over which it had original jurisdiction, the Court has discretion to "decline to exercise supplemental jurisdiction" over state law claims with respect to which it initially asserted jurisdiction.  28 U.S.C. § 1367(c)(3).  "[W]hen deciding whether to exercise supplemental

jurisdiction, a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity." *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 173 (1997) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).  Upon due consideration of all the relevant factors, this Court declines to exercise its supplemental jurisdiction over the related state law claims in this action, and remands those claims to Cuyahoga County Common Pleas Court.

**IT IS SO ORDERED.**

**DATE: March 17, 2010**

  **S/Christopher A. Boyko**
 **CHRISTOPHER A. BOYKO**
 **United States District Judge**